**LIHATI LUI UNGA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 21911.**

United States Court of Appeals
Ninth Circuit.

Nov. 25, 1968.

---

5. 361 F.2d at 790.

6. 373 U.S. 1, 15–16, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963).

Phelan, Simmons & Unger, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Stephen Suffin, San Francisco, Cal., Joseph Sureck, I.N.S., San Pedro, Cal., for appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and *FOLEY, District Judge.

PER CURIAM:

Petitioner Lihati Lui Unga, a native and citizen of Tonga, entered the United States at Honolulu, Hawaii on March 26, 1963 as a non-immigrant student with permission to remain until March 25, 1964. On or about July 7, 1964 he applied for status as a permanent resident under § 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255.[1] This petition was denied and he was given until May 22, 1965 to leave the country. He failed to leave by this date and deportation proceedings were initiated. At the hearing petitioner appeared with his attorney and conceded his deportability but renewed his application for adjustment of status.

Two hurdles had to be cleared by the petitioner in order to obtain an adjustment of status. First he had to establish his eligibility for permanent resident status.[2] Second he had to secure the favorable exercise of the Attorney General's discretion allowing him to remain in the country.

The special inquiry officer found that the petitioner was eligible for permanent resident status. However, believing that petitioner would not soon be able to bring his family to the United States, the officer denied petitioner's application as a matter of discretion and ordered him deported. He appealed to the Board of Immigration Appeals, which remanded the matter to the special inquiry officer for further consideration in

---

* Hon. Roger D. Foley, Jr., Chief Judge, United States District Court, Las Vegas, Nevada, sitting by designation.

1. 8 U.S.C. § 1255(a) provides:
    'The status of an alien * * * who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved."

2. The only question of eligibility for permanent resident status presented at the hearing was whether a certification by the Secretary of Labor was necessary under § 212(a) (14) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a) (14). This section provides that aliens seeking to enter the United States for the purpose of performing skilled or unskilled labor are excluded from admission unless the Secretary of Labor has certified that "(A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed."
    Petitioner testified that he was planning to establish his own business of exporting used items to Tonga. The question presented was whether a Secretary of Labor certification was needed in such a case.

the light of a newly promulgated regulation (8 C.F.R. 212.8(b) (4)).[3]

After a further hearing the special inquiry officer ruled that under this new regulation petitioner was not eligible for admission. Petitioner again appealed. This time the Board did not rule on the petitioner's eligibility for permanent resident status. Instead, it dismissed the appeal on the ground that the application did not warrant the favorable exercise of discretion. The Board believed that the petitioner could not properly support his wife and seven children and found no "outstanding equities" in his favor.

Petitioner now seeks a review in this Court of the final order of deportation (8 U.S.C. § 1105a).

Petitioner concedes that, under ordinary circumstances, the facts before the Board would be sufficient to justify an adverse ruling on an application for an adjustment of status. But he argues that since the Board, on the first appeal, did not deny the petitioner's application as a matter of discretion, the exercise of discretion on the second appeal was without "rational explanation." See Wong Wing Hang v. Immigration and Naturalization Service, 360 F.2d 715, 719 (2d Cir. 1966). His argument assumes that the Board's failure on the first appeal to discuss the factors relating to the exercise of discretion was tantamount to a finding that no reason existed to deny the application as a matter of discretion, and that this finding was binding upon the Board on the second appeal.

It is unnecessary to pass on the validity of the legal proposition. By regulation [8 C.F.R. 3.1(d) (2)] the Board "may return a case to the Service for such further action as may be appropriate, without entering a final decision on the merits of the case." As we read this administrative record, the Board did not reach the question of the exercise of

discretion on the first appeal for the order on remand directed the special inquiry officer to consider both the effect of the new regulation and also whether relief was justified as a matter of discretion.

The order is affirmed.

---

3. 8 C.F.R. 212.8(b) provides: "The following persons are not considered to be within the purview of section 212(a) (14) of the Act and do not require a labor certification: * * * (4) an alien who will engage in a commercial or agricultural enterprise in which he had invested or is actively in the process of investing a substantial amount of capital. * * * *"